KC F I L E D

DEC 1 8 2007
DEC 18 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES of the IRON WORKERS TRI-STATE WELFARE FUND, MID-AMERICA PENSION FUND, and MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY FUND | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| v. | ) ) ) | |
| JAYSON E. SAGE individually and d/b/a SAGE MOUNTAIN CONSTRUCTION, a sole proprietorship, | ) ) ) ) | 07CV7102 JUDGE SHADUR MAGISTRATE JUDGE VALDEZ |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiffs, TRUSTEES of the IRON WORKERS TRI-STATE WELFARE FUND, MID-AMERICA PENSION FUND, and MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY FUND, ("Trust Fund"), by its attorney, Daniel P. McAnally, complain of the Defendant, JAYSON E. SAGE individually and d/b/a SAGE MOUNTAIN CONSTRUCTION, a sole proprietorship and allege as follows:

1.      This action arises under Section 502 of the Employee Retirement Income Security Act ("ERISA") and Section 301 of the Labor-Management Relations Act. (29 U.S.C. §§1132 and 185).  Jurisdiction is founded on the existence of questions arising thereunder.

2.      The Trust Fund receives contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the International Association of Bridge, Structural and Ornamental and Reinforcing  Iron Workers ("Union"), and therefore are multi-employer plans. (29 U.S.C. §1002). The Trust Fund is administered in Lansing, Illinois and venue is proper in the Northern District of Illinois.

3.    The Defendant is an employer engaged in an industry affecting commerce which entered into Agreements which require Defendant to pay fringe benefit contributions to the Trust Funds.

4.    Delinquent employers are required to pay, in addition to the amounts determined to be due, reasonable attorney fees, court costs, audit fees and other reasonable costs incurred in the collection process.

5.    The Defendant must submit monthly reports listing the hours worked by its iron worker employees ("contribution reports") and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by its carpenter employees.

6.    The Defendant breached the provisions of the Collective Bargaining Agreement and Trust Agreements by failing to submit reports to the Trust Funds for the period August 2007 through present and by failing to pay liquidated damages on previously submitted contributions.

7.    Plaintiffs have complied with all conditions precedent in bringing this suit.

8.    Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

9.    Defendant is obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D).

10.    Pursuant to 29 U.S.C. §1132(g)(2)(B), the Plaintiffs are entitled to interest on any monies that may be found to be due and owing from the Defendant.

11.    Pursuant to 29 U.S.C. §1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

2

   a)    double interest on the unpaid contributions; or

   b)    interest plus liquidated damages provided for under the Trust
         Agreements not in excess of 20% of amount that is due.

   12.    Pursuant to the Trust Agreements, Plaintiffs are entitled to liquidated
damages at the rate of 1.5% compounded monthly.

WHEREFORE, Plaintiffs pray:

   a)    That the Defendant be ordered to submit fringe benefit reports and pay
         contributions for the months August 2007 through present.

   b)    That the Plaintiff be allowed to submit as estimate of the amount of
         contributions due.

   c)    That the Defendant be ordered to pay liquidated damages pursuant to the
         Trust Agreements.

   d)    That the Defendant be ordered to pay interest on the amount that is due
         pursuant to 29 U.S.C. §1132 (g)(2)(B).

   e)    That the Defendant be ordered to pay interest or liquidated damages on the
         amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(C).

   f)    That the Defendant be ordered to pay the reasonable attorney's fees and costs
         incurred by the Plaintiffs pursuant to the Trust Agreements and 29 U.S.C.
         §1132 (g)(2)(D).

   g)    That Plaintiffs have such other and further relief as by the Court may be
         deemed just and equitable all at the Defendant's costs pursuant to 29 U.S.C.
         §1132(g)(2)(E).

                              Respectfully Submitted,

                              TRUSTEES of the IRON WORKERS TRI-STATE
                              WELFARE FUND, MID-AMERICA PENSION FUND,
                              and MID-AMERICA SUPPLEMENTAL MONTHLY
                              ANNUITY FUND

                              By: _____
                                   DANIEL P. McANALLY

Whitfield McGann & Ketterman
111 E. Wacker Drive
Suite 2600
Chicago, IL 60601
312/251-9700